IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAURA MARIE LANE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-20-928-SM |
| KILOLO KIJAKAZI, | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Laura Lane (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). *See* Docs. 19, 21.[1]

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings, arguing the Administrative Law Judge (ALJ) erred in his (1) consideration of her medically determinable impairments when formulating her residential functional capacity; (2) step-

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the administrative record (AR) will refer to its original pagination.

five findings; and (3) that the Appeals Council disregarded certain medical records. Doc. 23, at 2. After a careful review of the AR, the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision finding that substantial evidence supports it and finding no legal error. *See* 42 U.S.C. § 405(g).

## I.   Administrative determination.

### A.   Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B.   Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff

makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

**C.   Relevant findings.**

**1.   Administrative Law Judge's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 21-34; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1)   had not engaged in substantial gainful activity since her alleged onset date of June 25, 2018;

(2)   had the following severe medically determinable impairments: degenerative disc disease, cervical spinal stenosis, depressive disorder, hypertension, and chronic pain syndrome;

(3)   had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)   had the residual functional capacity[2] (RFC) to perform sedentary work, with certain restrictions and with the nonexertional limitations that she can perform tasks with

---

[2]   Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

>   routine supervision, can relate to others on a superficial work basis, and she can adapt to a work situation;
>
> (5) was not able to perform her past relevant work;
>
> (6) was able to perform jobs that exist in the national economy, such as ticket counter, addresser, and polisher; and so,
>
> (7) had not been under a disability from June 25, 2018 through March 2, 2020.

*See* AR 21-34.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 8-11, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.")

4

(internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

    **B.**    **Issues for judicial review.**

        **1.**    **Substantial evidence supports the ALJ's RFC assessment.**

            **a.**    **The ALJ adequately considered Plaintiff's non-severe impairments.**

Plaintiff's brief presents a zig-zag litany of arguments and non-arguments. She outlines her testimony, Doc. 23, at 4, argues the ALJ did not consider her mental impairments, *id.* at 5, alleges the ALJ did not adequately consider over twenty impairments, *id.* at 3, argues the RFC lacked any limitations on the use of her hands, *id.* at 6, maintains the ALJ disregarded her spine impairments, *id.* at 7, challenges the ALJ's "pain analysis," *id.* at 8, and argues the ALJ's many step-two errors "prejudiced" his decisions at steps three and four. *Id.* at 10. The Court addresses those claims for which Plaintiff fleshes out an argument.[3] *See, e.g.*, *Mays v. Colvin*, 739 F.3d 569, 576 (10th Cir. 2014) (stating that the court "will not construct an argument for" the plaintiff);

---

[3]     Plaintiff does not further develop these claims in her reply brief. Doc. 27.

*Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (declining to consider issues not "adequately briefed" for the court's review).

### i. The RFC assessment adequately accounted for Plaintiff's physical limitations.

Plaintiff argues the ALJ's RFC assessment lacks any limitations on handling, fingering, reaching, head turning and use of her hands. Doc. 23, at 4, 6. Much of these complaints are her subjective reports, as she claims "that the record is replete with her complaints to medical providers about them." *Id.* at 6.

The ALJ discounted Plaintiff's "statements about the intensity, persistence, and limiting effects of [her] symptoms," noting "they are inconsistent because [she] is able to take care of grandchildren, drive, shop[], use[] [a] computer for games and shopping," and her symptoms improved "after her surgery and with medications." AR 31. Admittedly, Shannon Haddock, P.A.C., noted Plaintiff was doing satisfactorily two weeks after neck surgery, and limited her to continue with her overhead lifting of not more than ten pounds. *Id.* at 29.

The Commissioner points to objective medical evidence showing 5/5 motor strength in all extremities and full and normal range of motion (June 2018), 5/5 upper and lower strength and grip strength bilaterally (November

2018). Doc. 24, at 13; AR 27-28. The objective medical evidence shows grip strength of 5 out of 5; no sensory loss in the first three fingers; the ability to effectively oppose the thumb to the fingertips, to manipulate small objects, and to effectively grasp tools. AR 28, 333, 335-36. Plaintiff also received an assessment of "no restrictions" five months after her surgery. *Id.* at 29. Plaintiff points to no objective medical evidence limiting her overhead reaching, head turning, or use of her hands.

Plaintiff also argues that although the ALJ found her "DDD" severe at step two, the ALJ did not account for her spine impairments, citing no limitation on turning her neck. Doc. 23, at 7. As noted, the ALJ restricted Plaintiff to sedentary activity (which is a greater restriction than the state agency doctors recommended), and Plaintiff can point to no medical records disputing the solid fusion surgery results. Substantial evidence supports the ALJ's RFC assessment.

### (ii) The RFC assessment adequately accounted for Plaintiff's nonexertional limitations.

Plaintiff next argues the ALJ erred when he determined Plaintiff had only mild limitations in the area of the ability to adapt and manage herself. Doc. 23, at 5. State agency Dr. Tomak made a "criteria B" finding that she had moderate limitation in this area. AR 32, 107-08.

Listing 12.04 (affective disorders), which the ALJ specifically considered (AR 24-25), consists of so-called "A" criteria, "B" criteria, and "C" criteria. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04. The A criteria documents the presence of a particular mental disorder, while the B and C criteria describe functional limitations that are incompatible with the ability to do any gainful activity. *See id.* § 12.00(A) (introduction to the mental health listings).

Plaintiff does not argue she met this listing, she challenges only the ALJ's disagreement with Dr. Tomak's finding of a moderate limitation. Doc. 23, at 5. But the ALJ continued and provided the required assessment in steps four and five, as he must do. *See* SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996) ("[T]he limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings[.]").

In assessing Plaintiff's RFC, the ALJ relied on the consultants' mental RFC opinions in part. Those found she could carry out detailed but not complex instructions, work-like procedures, and work-related decisions; interact

appropriately with the general public and co-workers; respond to supervisors on a superficial work basis and respond appropriately to changes in the work setting. AR 111-13, 130-32. The ALJ incorporated these suggested restrictive mental RFC limitations and imposed even more restrictive limitations: the performance of only simple tasks with routine supervision; relating to others superficially and adapting to a work situation. *Id.* at 26. Substantial evidence supports the ALJ's RFC assessment of Plaintiff's mental limitations.

### b. The ALJ did not err in his pain assessment.

Plaintiff next argues that although the ALJ found her chronic pain syndrome to be a severe impairment, he erred in his pain analysis. Doc. 23, at 8. She cites her consistent pain management treatment, that all or most of her treatment providers believed most or all of her complaints, and that her complaints are consistent with the objective evidence. *Id.* at 8-9.

In assessing a claimant's subjective complaints of pain. An ALJ must consider and determine:

> (1) whether the claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether the impairment is reasonably expected to produce some pain of the sort alleged (what we term a "loose nexus"); and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's pain was in fact disabling.

*Brownrigg v. Berryhill*, 688 F. App'x 542, 545 (10th Cir. 2017) (quoting *Keyes-Zachary*, 695 F.3d at 1166-67); *see also* SSR 16-3p, 2017 WL 5180304, at *3

(Oct. 25, 2017). The determination "'must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.'" *Brownrigg*, 688 F. App'x at 546 (quoting SSR 16-3p, 2017 WL 5180304, at *9).

The ALJ noted that after her surgery, Plaintiff was not in acute distress but still had some left arm discomfort. AR 29. Dr. Winston Fong noted in June 2019 Plaintiff had no restrictions. *Id.* The ALJ reviewed Plaintiff's 2018 pain management for her back. *Id.* at 30. He observed that she reported stable pain levels since January 2019 and similar pain levels in March 2019. She did report occasional difficulties with normal activities due to pain. *Id.* She reported a similar status in May 2019. *Id.* The ALJ reviewed her monthly Percocet use, and observed that by September 2019, she reported increased pain levels and was moderately distressed. *Id.* at 31. The ALJ noted Plaintiff reported increased numbness and pain in her legs and hands, she wanted an assistive device and that she thought she needed her neck pain reevaluated. *Id.*

As stated, the ALJ discounted Plaintiff's statements about "the intensity, persistence, and limiting effects of [her] symptoms," noting "they are inconsistent because [she] is able to take care of grandchildren, drive, shop[],

10

use[] [a] computer for games and shopping," and her symptoms improved "after her surgery and with medications." *Id.* at 31. The ALJ's limitation to sedentary work with additional exertional restrictions, along with his analysis, satisfies *Brownrigg*.

### 2. Harmless error insulates the ALJ's step-five decision.

The ALJ determined Plaintiff could perform the jobs of ticket counter, DOT #219.587-010; addresser, DOT #209.587-010; and polisher, DOT #713.684-038. AR 33. Plaintiff argues that because ticket counter requires a reasoning level of three, she cannot perform this job as her RFC assessment limits her to simple tasks with routine supervision. Doc. 23, at 10. The Commissioner responds that Plaintiff's "general educational background" "made her suitable" to perform the duties of a ticket counter. Doc. 24, at 19-20.

The Court need not decide this issue.[4] The Commissioner also argues harmless error. *Id.* at 21. The other two jobs the vocational expert identified, addresser and polisher, combine for 160,000 jobs nationally. AR 33. Thus, the Court finds there were still a significant number of available jobs. *See Washington v. Saul*, 2019 WL 4080925, at *4 (D. Kan. Aug. 29, 2019) (finding

---

[4] Plaintiff again argues she cannot perform jobs of addresser or polisher because both require frequent handling and fingering. Doc. 23, at 11. The Court has rejected this argument. *Supra* § II.B.1.a.i.

harmless error because "[t]here is no doubt that 53,000 is a significant number of available jobs"); *Sly v. Berryhill*, 2018 WL 1954836, at *3 (W.D. Okla. Apr. 25, 2018) (finding harmless error where "the Court has no difficulty concluding that 32,000 jobs is a significant number for purposes of step 5 of the sequential process"); *Fox v. Colvin*, 2015 WL 5178414, at *4 (W.D. Okla. Sept. 3, 2015) (finding that "the ALJ's error in failing to reconcile the conflict between the DOT" and two of the "VE's recommended positions . . . was harmless" where there were 32,000 jobs available in the national economy in one position). Because the Court finds there are a significant number of addresser and polisher jobs in the national economy, any step-five error is harmless.

### 3. The Appeals Council did not err when it determined Plaintiff's submission of medical records showed no reasonable probability that they would change the outcome of the ALJ's decision.

Plaintiff submitted medical records her counsel received after the hearing but that pertained to the period at issue. AR 39. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the Final Decision of the Commissioner for this appeal. *Id.* at 8-9; *see Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). The Appeals Council explained:

> You submitted medical records from Saints Rheumatology/Fahed Hamadeh, M.D. from August 13, 2019 through October 9, 2019 (36 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.

AR 9. *See, e.g.*, *Martinez v. Saul*, 2020 WL 4597024, at *5 (D.N.M. Aug. 11, 2020) ("When the Appeals Council stated it did not 'exhibit' the evidence, it also necessarily conveyed that it did not 'consider' the evidence.").

Under SSA regulations, the Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). The claimant must also show "good cause" for not submitting the evidence at an earlier date. *Id.* § 404.970(b). Evidence is new "if it is not duplicative or cumulative." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (internal quotation marks omitted). The Tenth Circuit, relying on an older version of the regulation which did not include "reasonable probability" language,[5] held evidence is material "if there is a reasonable possibility that it would have changed the outcome." *Id.* (internal quotation marks and alteration omitted). Based on the regulation's new language, however, courts have since applied a heightened materiality standard. *See Hanna v. Kijakazi*, 2021 WL 3169203, at *5 (D.N.M. July 27, 2021) ("[T]he

---

[5] Before January 17, 2017, 20 C.F.R. §§ 404.970 and 416.1470 required the Appeals Council to consider additional evidence if it was "new and material," but did not include the "reasonable probability" language.

prevailing view in this District is that '[t]his requirement heightens the claimant's burden to prove materiality: whereas the previous test required merely a reasonable *possibility* of changing the outcome, now it requires a reasonable *probability* of changing the outcome.'" (quoting *Bisbee v. Berryhill*, 2019 WL 1129459, at *3 n.5 (D.N.M. Mar. 12, 2019)).

This Court's review is subject to, and affected by, whether additional evidence is submitted after the ALJ's decision.

> The Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 404.935 because:
>
> (1) Our action misled you;
>
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
>
>> (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
>>
>> (ii) There was a death or serious illness in your immediate family;

> (iii) Important records were destroyed or damaged by fire or other accidental cause;
>
> (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing; or
>
> (v) You received a hearing level decision on the record and the Appeals Council reviewed your decision.

*Id.* § 404.970(b). "Whether evidence qualifies for consideration is a question of law subject to de novo review." *See Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) (citing *Threet*, 353 F.3d at 1191); *Martinez*, 2020 WL 4597024, at *5 ("To reiterate: when never-before-considered evidence is presented to the Appeals Council, the substantial-evidence review standard applies *only* if the Appeals Council 'considered' the additional evidence as qualifying for review under subsection (a)(5)'s three criteria."). "If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). "[I]f the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings." *Id.*

In submitting the documents on March 30, 2020, counsel represents he received the documents after the February 13, 2020, hearing date. AR 39. This does not present an instance in which an examination was close in time to the

hearing date. The rheumatology records date from August 2019 through October 2019, and counsel did not mention them at the hearing. *Cf. Mary L.J. v. Saul,* 2021 WL 1156619, at *4 (N.D. Okla. Mar. 26, 2021) (finding submission of a functional capacity evaluation was "not duplicative or cumulative, because it provided new functional assessments of Plaintiff's physical capabilities" and was administered four days before the hearing).

Dr. Hamadeh's records provide no new functional assessments. They note Plaintiff's normal gait, diffuse severe allodynia upper and lower extremities, diffuse tender joints and extremely tender around the ankles. AR 44. She had some unremarkable x-rays, *id.* at 59-62, but a lumbar spine x-ray showed severe intervertebral disc space narrowing with vacuum disc phenomenon L5-S1. *Id.* at 63. The records noted Plaintiff had widespread joint pain and inflammation of the joints, *id.* at 64, she had some good relief with medication, *id.* at 65, was overall stable, *id.* at 68, and addition of the high-risk prescription Methotrexate. *Id.* Plaintiff argues the medical records show only two office visits but "suggest there are to be other appointments." Doc. 23, at 13.

Plaintiff cannot show that these records establish "a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). The ALJ rejected the medical consultants'

opinions that found Plaintiff had an RFC for light exertion by limiting her to sedentary work. AR 32. Nothing in the additional records suggests the ALJ's extreme limitations are insufficient. The Appeals Council committed no error.

### III.  Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 10th day of September, 2021.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE